UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-14389-CIV-SMITH

JOSEPH ANDERSON,

    Petitioner,

v.

FLORIDA ATTORNEY GENERAL,
*et. al.*,

    Respondents.
_____/

## ORDER DISMISSING HABEAS PETITION

This case comes before the Court on Petitioner Joseph Anderson's *pro se* filing titled "Habeas Corpus and Writ of Mandamus," which the Court liberally construes as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [DE 1]. The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases[1] and finds that it should be **DISMISSED WITHOUT PREJUDICE** as frivolous.

**I.     LEGAL STANDARD**

Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A Court must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (per curiam) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)).

---

[1] The Court may apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

However, district courts have the authority to summarily dismiss a § 2241 petition if "[i]t appears from the application that the applicant or person detained is not entitled" to relief. *See* 28 U.S.C. § 2243. Accordingly, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases).

In addition, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981).[2] This includes the inherent power to dismiss a frivolous case. *See Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) ("[D]istrict courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties"). A lawsuit is frivolous if the plaintiff's chances of ultimate success are "slight" or a complaint is otherwise "without arguable merit either in law or fact." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Stated differently, when it appears from the face of the complaint that the plaintiff "has little or no chance of success," *i.e.*, "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief, a case is considered frivolous. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted). Examples of "clearly baseless" factual allegations include those "describing fantastic or delusional scenarios," or those that "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989)).

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent on the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. *Bonner v. Prichard* 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). The Court notes that the *Yates* decision was entered by the former Fifth Circuit on May 8, 1981. *See Yates*, 644 F.2d at 503.

## II.  DISCUSSION

While the claims in the Petition are far from clear, Petitioner appears to challenge his detention by alleging "corruption in [the] lower court through masonic ties." (Pet. ¶ 3.) Petitioner alleges that "well trained, professional conspirators in terrorism, fraud, cyber security, hacking, law enforcement, [and] manipulation" are hiding many crimes "in plain sight." (*Id.* ¶¶ 1–2.) In the attached petition for writ of mandamus, Petitioner then alleges criminal wrongdoing against thirty-nine different individuals and entities, though fails to clearly articulate a factual basis for his allegations. (Pet. ¶¶ 6–7.) He states that individuals placed "hidden cameras" in his home (Pet. ¶ 9), that he was forced to undergo a medical procedure against his will (Pet. ¶¶ 10, 12), and that officials altered records and diagnostics related to his criminal case (Pet. ¶ 13), all as part of a "premeditated plot to steal" his mortgage (Pet. ¶ 5). These allegations are patently frivolous, as they describe "fantastic or delusional scenarios" that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32–33. The case therefore has no "arguable merit in either law for fact" and must be dismissed. *Bilal*, 251 F.3d at 1349.

## III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that:

1. The Petition [DE1] is **DISMISSED WITHOUT PREJUDICE** as frivolous.
2. A certificate of appealability shall not issue.
3. The case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, on this 5th day of December, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

- 4 -

cc:

    Joseph Anderson
    Indian River County Jail
    Inmate Mail/Parcels
    4055 41st Avenue
    Vero Beach, FL 32960
    PRO SE

    Noticing 2254/2241 SAG Broward and North
    Email: FederalHabeas@myfloridalegal.com